### Seaborn Haines v. The People of the State of Illinois.

1. Res gestae—*what part of.* All statements or declarations made either by the defendant or by those standing by, referring to the commission of a crime, made contemporaneously with or immediately before the commission of such crime and in any way connected with or explanatory of such crime, are admissible as a part of the *res gestae.*

2. Assault and battery—*what evidence not competent in defense against charge of.* Where the defense to a prosecution for assault and battery is self-defense, it is not proper to permit the defendant to answer the question as to whether he did any more than was necessary in defense of his person.

Assault and battery. Error to the County Court of Fulton county; the Hon. W. S. Edwards, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

M. P. Rice, for plaintiff in error.

W. S. Jewell, for defendant in error.

Mr. Justice Puterbaugh delivered the opinion of the court.

Plaintiff in error was tried in the County Court under an indictment for assault and battery. A verdict of guilty was returned, judgment of conviction rendered thereon, and a fine of $50 imposed. It is

urged as grounds for reversal that the verdict was contrary to the evidence, and that the trial court erred in its ruling as to the admissibility of certain evidence, and in its instructions to the jury.

The evidence shows that plaintiff in error, one O'Hern, and one Zoll, all buyers and shippers of stock at Vermont, Illinois, were on December 5, 1905, engaged in loading their respective hogs upon the cars for shipment. While O'Hern was helping Zoll to load the latter's hogs, an altercation arose between plaintiff in error and O'Hern, at the conclusion of which plaintiff in error assaulted O'Hern with a cane and seriously injured him. The evidence adduced by plaintiff in error tends to show that in making the assault he was acting in defense of his person. The jury, however, by their verdict, found otherwise, and there being ample evidence to support such finding, we are not disposed to disturb the same.

It is urged that it was error to permit O'Hern to testify to what was said by Zoll to him in the presence and hearing of plaintiff in error, immediately prior to the assault, and almost contemporaneously therewith. The statements in question were so closely connected in time with the offense as to be clearly a part of the *res gestae,* notwithstanding they were made by a third party.

Oral statements or declarations made either by the defendant, or by those standing by, referring to the commission of a crime, made contemporaneously with or immediately before the commission of such crime, and in any way connected with or explanatory of such crime, are admissible as a part of the *res gestae.* Underhill on Crim. Ev., p. 124.

The court therefore did not err in admitting the same in evidence.

The conversation between plaintiff in error and Warren Haines prior to the difficulty and out of the presence of O'Hern, did not fall within the foregoing rule, and was therefore properly excluded. Neither

was it error to refuse to permit plaintiff in error to answer the question as to whether he did any more than was necessary in defense of his person. The question was one for the determination of the jury from all the surrounding facts and circumstances in evidence, and the conclusion of plaintiff in error upon the subject was manifestly incompetent and immaterial.

We have carefully examined both the given and refused instructions and fully considered the objections urged by counsel for plaintiff in error thereto. We think that, when read together, the given instructions fully and fairly advised the jury as to the law applicable to the facts involved, and that plaintiff in error was not materially prejudiced by the rulings of the trial court thereon.

The judgment was warranted by the law and the evidence, and will be affirmed.

*Affirmed.*